### THE TOWN OF PETERBOROUGH *vs.* THE TOWN OF TEMPLE.

A seal was not essential to the validity of a warrant directing a constable to warn a person to depart from a town in order to prevent a settlement under the statute of February 15, 1791, sec. 7. And if such warrant was signed by the town clerk, by order of the selectmen, it was sufficient.

ASSUMPSIT for the expense of supporting one *James Bolster,* a pauper, alleged by the plaintiff to have his settlement in Temple.

The cause was submitted to the decision of the court upon the following facts. The pauper is an illegitimate child of *Susan Pulsifer,* born in Plattsburg, in the state of New-York, in 1818. *Susan Pulsifer,* was the daughter of *John Pulsifer,* now deceased. *John Pulsifer* removed into Temple, in 1794, and resided there till 1798, in which year the mother of the pauper was born in Temple. On the 22d November, 1794, a warrant, under seal, was made out, directed to *Silas Durkee,* " constable for Temple," directing him to warn *John Pulsifer* forthwith to depart from Temple. The warrant stated that *J. Pulsifer* came " from Walpole about August last," and was signed " by order of the selectmen, *Samuel Howard,* town clerk." The warrant was served on the 24th, and lodged with the clerk of the court of sessions, on the 28th November, 1794. *Samuel Howard* was in fact town clerk and one of the selectmen of Temple for the year 1794.

*J. Walker,* for the plaintiffs.

*Atherton,* for the defendants.

RICHARDSON, C. J. The question to be decided in this case is whether *John Pulsifer* was legally warned to depart from Temple, in 1794, so as to prevent him from gaining a settlement there by residence. Two objections are made to the warrant. In the first place it is said not to be under the seal of the selectmen. But this objection cannot prevail. For, admitting that the seal affixed to the warrant is to be considered as the seal of the town clerk, and not of the selectmen, we are of opinion that a seal was not essential to the validity of the warrant. The statute did not require a seal, and it has often been decided, that, unless required by statute, a warrant need not be under seal. *Willies' R.* 411,

*Padfield vs. Cabell.—Buller's N. P. 83.—3 Levintz 204, Aylesbury vs. Harvey.—Davis vs. Clements, Strafford county, Sept. term, 1821.*

Peterborough
*vs.*
Temple.

It is also objected that the warrant was not signed by the selectmen. The statute of February 15, 1791, sec. 7, (1) enacted that " every person who hath lived one year in any " town, or place, shall be deemed an inhabitant of such town " or place, unless sometime within such year and before the " expiration thereof, such person shall have been by war- " rant from the selectmen of such town, &c. warned to de- " part from such town," &c. If the statute had required the warrant to be under the hands of the selectmen, this objec- tion must have prevailed. But it does not. A warrant sig- nifies no more than an authority.(2) The question then is, whether a warrant, signed by the town clerk, by order of the selectmen, was a sufficient authority from the selectmen to authorize a constable to warn a person to depart from a town? We think it was, and that there must be

(1) 1 N. H. Laws 356.

(2) Willes' R. 412.

*Judgment for the defendants.*